**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR BRAVO CAMPOS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6672

Agency No.
A206-402-082

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Petitioner Edgar Bravo Campos ("Bravo Campos"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

dismissing an appeal from a decision by an Immigration Judge ("IJ") denying Bravo

Campos's claims for withholding of removal and Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.*

1. On appeal to the BIA, Bravo Campos failed to meaningfully address whether his arson conviction was a particularly serious crime barring him from eligibility for withholding of removal. So the BIA properly found that the issue was waived in Bravo Campos's administrative appeal. Accordingly, Bravo Campos has not exhausted his administrative remedies. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust …."). And in his opening brief to our court, Bravo Campos does not meaningfully contest the BIA's conclusion that he waived the argument as to his withholding of removal claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Thus, Bravo Campos has both failed to exhaust and waived any argument as to the IJ's particularly serious crime determination. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) ("A court may review a final

order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right." (quoting 8 U.S.C. § 1252(d)(1))). Bravo Campos's waiver of this issue is dispositive of his claim for withholding of removal.

2. Substantial evidence supports the agency's denial of Bravo Campos's CAT claim. Apart from generalized evidence of violence and crime in Mexico, which is insufficient to prove eligibility for CAT protection, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), Bravo Campos points only to the Cartel Jalisco Nueva Generación ("CJNG") as a potential torturer. But Bravo Campos admitted that he could safely relocate elsewhere in Mexico to avoid the CJNG. Bravo Campos also failed to show that the Mexican government would consent to or acquiesce in his torture by these private actors. Although Bravo Campos presented evidence that the Mexican government struggles to combat violence by organized criminal groups, this evidence does not compel a finding of consent or acquiescence because "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Thus the record does not compel the conclusion that Bravo Campos will more likely than not be tortured with the consent or acquiescence of the Mexican government if he is returned to Mexico.

**PETITION DENIED**.[1]

---

[1] Petitioner's motion to stay removal, Dkt. No. 3, is **DENIED**.